# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

MATTHEW E. BABER, )
)
　　　Petitioner, )
)
v. ) Civil Action No. 3:19CV706–HEH
)
TRACY RAY, *et al.*, )
)
　　　Respondent. )

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Matthew E. Baber, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition. ("§ 2254 Petition," ECF No. 2.) Respondent moves to dismiss on the ground that Baber failed to exhaust his remedies in the state courts before filing this petition. Despite the provision of *Roseboro* notice, Baber has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be granted.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits

in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

In his § 2254 Petition, Baber challenges an institutional conviction for possession of tools or implements with which to disable, alter, or tamper. (ECF No. 2, at 1.) Baber indicates that he filed a challenge in the Supreme Court of Virginia but refers to it as "pending litigation." (*Id.* at 3.) Baber indicates that he is exhausting at least one of his claims "as we speak." (*Id.* at 5.) Thus, Baber fails to demonstrate that the Supreme Court of Virginia has concluded its review of his claims. Baber failed to respond to the Motion to Dismiss and has offered no other explanation about why his claims should be considered exhausted. Baber fails to demonstrate he has exhausted his state remedies. Moreover, Baber fails to demonstrate any exceptional circumstances that would warrant the consideration of his habeas petition at this time. Accordingly, the Motion to Dismiss (ECF No. 7) will be granted. Baber's § 2254 Petition will be dismissed without prejudice to re-file after he has exhausted his state court remedies for all of his claims.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when

2

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Baber is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: March 24, 2020
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia